# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYVLANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 26- _____ |
| v. | : | DATE FILED:_____ |
| SEBASTIAN MATOS | : | VIOLATIONS:<br>18 U.S.C. § 371 (conspiracy to commit |
| | : | wire fraud and SNAP benefit fraud – 1 count) |
| | : | 18 U.S.C. § 1343 (wire fraud – 1 count)<br>7 U.S.C. § 2024(b) (unlawful use, transfer, |
| | : | acquisition and possession of SNAP benefits – 1 count) |
| | : | 18 U.S.C. § 2 (aiding and abetting)<br>Notices of forfeiture |

## INFORMATION

## COUNT ONE
### (Conspiracy to Commit Wire Fraud and SNAP Benefit Fraud)

**THE UNITED STATES ATTORNEY CHARGES THAT:**

### BACKGROUND

At all times relevant to this information:

1.	Defendant SEBASTIAN MATOS was the manager of Matos Food Market ("MFM"), a grocery store located at 900 Chestnut Street, Reading, Pennsylvania.  Since in or about 2013, MFM participated in the Supplemental Nutrition Assistance Program ("SNAP"), formerly known as the Food Stamp Program.

2.      A.M., known to the United States Attorney, owned MFM. A.M. hired defendant SEBASTIAN MATOS in or about 2014 as a cashier and later promoted him to store manager.

3.      The Supplemental Nutrition Assistance Program ("SNAP") was funded by the United States Department of Agriculture ("USDA") in accordance with the Food Stamp Act of 1977. SNAP was an assistance program established and funded by the United States government to alleviate hunger and malnutrition among low-and middle-income families by increasing their food-purchasing power and ability. The USDA worked with state governmental agencies to provide SNAP benefits to eligible beneficiaries.

4.      The United States Department of Agriculture ("USDA") was an agency of the United States government's Executive Branch.  USDA administered SNAP through the Food and Nutrition Service ("FNS"), an office within USDA.

5.      FNS administered the authorization and revocation procedures for the retail food establishments participating in the redemption of SNAP benefits by SNAP beneficiaries.

6.      Regulations promulgated by the Secretary of Agriculture mandated that retail businesses that participated in SNAP were prohibited from accepting SNAP benefits for the purchase of ineligible food items.  Such prohibited items included alcoholic beverages, tobacco products, pet food, household supplies, prepared foods, and hot foods.

7.      Regulations promulgated by the Secretary of Agriculture mandated further that SNAP benefits could not, under any circumstances, be purchased or sold in exchange for cash.

2

8.      The Pennsylvania Department of Public Welfare administered SNAP in the Commonwealth of Pennsylvania.

9.      The Commonwealth of Pennsylvania distributed SNAP benefits to individual beneficiaries through electronic benefits transfer ("EBT") cards, or "Access Cards," which functioned like debit cards.  The amount of SNAP benefits to which a beneficiary was entitled was electronically posted to the beneficiary's account monthly.

10.      Each SNAP EBT card had a magnetic strip on the back encoded with information that identified the SNAP beneficiary and the beneficiary's account.  After calculating the SNAP subtotal of the total price of the items purchased, the participating store's cashier or the beneficiary swiped the EBT card through a card reader or point-of-sale terminal to initiate the transaction.  The beneficiary then entered his or her secret personal identification number ("PIN") into a keypad and the sale was authorized if sufficient funds were available.  If the transaction was authorized, the amount of the purchase was deducted electronically from the SNAP benefits reserved for the SNAP beneficiary, and the amount was credited to the retailer's designated bank account.  When using the EBT card method in a lawful manner, each transaction was for the exact dollar amount of the SNAP-eligible items – the participating store gave no change back to the SNAP beneficiary.

11.      Company 1, known to the United States Attorney, located in Utah, functioned on behalf of USDA and the Commonwealth of Pennsylvania as the clearinghouse for the processing, approval, and redemption of SNAP benefits.  Company 1 established separate accounts funded by USDA for each SNAP beneficiary.

12.      Funds from a SNAP beneficiary's account to the bank account of a participating grocery store were sent by electronic funds transfer facilitated by Company 1.

3

13. MFM maintained a business account at TD Bank, which was designated to receive SNAP redemptions from USDA, through Company 1.

## THE CONSPIRACY

14. From no later than in or about 2019 through in or about February 2022, in the Eastern District of Pennsylvania and elsewhere, defendant

### SEBASTIAN MATOS

conspired and agreed with A.M., and with others known and unknown to the United States Attorney, to commit offenses against the United States, namely:

a. SNAP benefit fraud, that is, by the knowing use, acquisition, and possession, and by aiding and abetting the use, acquisition and possession, of more than $100 worth of SNAP benefits via SNAP Access Cards, in a manner contrary to the federal statutes and regulations governing the SNAP program, in violation of Title 7, United States Code, Section 2024(b); and

b. wire fraud, that is, for the purpose of executing a scheme to defraud, by knowingly transmitting and causing to be transmitted in interstate commerce, by means of wire communications, certain writings, signs and signals, that is, electronic claims for redemption of SNAP benefits, which claims were from MFM in Reading, Pennsylvania, to Company 1, the financial intermediary for SNAP, located in a state other than Pennsylvania, in violation of Title 18, United States Code, Section 1343.

### MANNER AND MEANS

It was part of the scheme that:

4

15.    A.M. instructed defendant SEBASTION MATOS how to engage in SNAP benefit fraud while working at MFM by paying SNAP beneficiaries cash in exchange for the beneficiaries' SNAP benefits.

16.    Defendant SEBASTIAN MATOS, A.M., and others known and unknown to the United States Attorney knowingly used, transferred, acquired, and possessed SNAP benefits in a manner contrary to law and applicable regulations by unlawfully purchasing SNAP benefits from individual SNAP beneficiaries who were customers at MFM in exchange for cash, and for which MFM fraudulently charged the SNAP program a substantial amount larger than the amount of cash unlawfully paid to the SNAP beneficiaries.

17.    Defendant SEBASTIAN MATOS, A.M., and others known and unknown to the United States Attorney presented and caused to be presented, and submitted and caused to be submitted, unlawful and fraudulently inflated SNAP transactions for redemption to USDA, through its clearinghouse, Company 1, by way of interstate wire transmissions.

18.    Through false and fraudulent representations, defendant SEBASTIAN MATOS, A.M., and others known and unknown to the United States Attorney induced USDA to fund the redemption of SNAP benefits presented and submitted, and to transfer those funds to MFM's bank account held at TD Bank.

19.    From in or about May 2021 through in or about February 2022, defendant SEBASTIAN MATOS, A.M., and others known and unknown to the United States Attorney caused MFM to seek and receive from USDA over approximately $2,000,000 in fraudulently obtained SNAP benefits.

**OVERT ACTS**

In furtherance of the conspiracy and to accomplish its objects, defendant SEBASTIAN MATOS, A.M., and others known and unknown to the United States Attorney committed the following overt acts, among others, in the Eastern District of Pennsylvania and elsewhere:

1. On or about May 2, 2021, A.M. opened a new bank account at TD Bank and designated that as the bank account into which the SNAP deposits for MFM were deposited.

2. On or about September 1, 2021:

a. Defendant SEBASTIAN MATOS, while working at MFM, agreed to accept SNAP benefits from an undercover agent posing as a SNAP beneficiary in exchange for cash.

b. Defendant SEBASTIAN MATOS caused the EBT Access Card presented by the undercover agent posing as a SNAP beneficiary to be swiped on MFM's card reader and caused an electronic SNAP redemption request to be made in the approximate amount of $126.05, which proceeds were deposited electronically into MFM's bank account.

c. Defendant SEBASTIAN MATOS paid the undercover agent posing as a SNAP beneficiary approximately $60 in United States currency in exchange for the approximately $126.05 in SNAP benefits received by MFM.

3. On or about September 15, 2021:

a. Defendant SEBASTIAN MATOS, while working at MFM, agreed to accept SNAP benefits from an undercover agent posing as a SNAP beneficiary in exchange for cash.

b.      Defendant SEBASTIAN MATOS caused the EBT Access Card presented by the undercover agent posing as a SNAP beneficiary to be swiped on MFM's card reader and caused an electronic SNAP redemption request to be made in the approximate amount of $205.26, which proceeds were deposited electronically into MFM's bank account.

c.      Defendant SEBASTIAN MATOS paid the undercover agent posing as a SNAP beneficiary approximately $100 in United States currency in exchange for the approximately $205.26 in SNAP benefits received by MFM.

4.      On or about October 15, 2021:

a.      Defendant SEBASTIAN MATOS, while working at MFM, agreed to accept SNAP benefits from an undercover agent posing as a SNAP beneficiary in exchange for cash.

b.      Defendant SEBASTIAN MATOS caused the EBT Access Card presented by the undercover agent posing as a SNAP beneficiary to be swiped on MFM's card reader and caused an electronic SNAP redemption request to be made in the approximate amount of $202.47, which proceeds were deposited electronically into MFM's bank account.

c.      Defendant SEBASTIAN MATOS paid the undercover agent posing as a SNAP beneficiary approximately $100 in United States currency in exchange for the approximately $202.47 in SNAP benefits received by MFM.

5.      On or about November 30, 2021:

a.      Defendant SEBASTIAN MATOS, while working at MFM, agreed to accept SNAP benefits from an undercover agent posing as a SNAP beneficiary in exchange for cash.

b.       Defendant SEBASTIAN MATOS caused the EBT Access Card presented by the undercover agent posing as a SNAP beneficiary to be swiped on MFM's card reader and caused an electronic SNAP redemption request to be made in the approximate amount of $121.79, which proceeds were deposited electronically into MFM's bank account.

c.       Defendant SEBASTIAN MATOS paid the undercover agent posing as a SNAP beneficiary approximately $60 in United States currency in exchange for the approximately $121.79 in SNAP benefits received by MFM.

6.       On or about January 13, 2022:

a.       Defendant SEBASTIAN MATOS, while working at MFM, agreed to accept SNAP benefits from an undercover agent posing as a SNAP beneficiary in exchange for cash.

b.       Defendant SEBASTIAN MATOS caused the EBT Access Card presented by the undercover agent posing as a SNAP beneficiary to be swiped on MFM's card reader and caused an electronic SNAP redemption request to be made in the approximate amount of $121.83, which proceeds were deposited electronically into MFM's bank account.

c.       Defendant SEBASTIAN MATOS paid the undercover agent posing as a SNAP beneficiary approximately $60 in United States currency in exchange for the approximately $121.83 in SNAP benefits received by MFM.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
### (Wire Fraud)

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

### BACKGROUND

1.      Paragraphs 1 through 13 of Count One are incorporated here.

### THE SCHEME

2.      From no later than in or about 2019 through in or about February 2022, in the Eastern District of Pennsylvania and elsewhere, defendant

### SEBASTIAN MATOS

and A.M., with others known and unknown to the United States Attorney, devised and intended to devise a scheme to defraud the United States Department of Agriculture and to obtain money and property by means of false and fraudulent pretenses, representations and promises.

### MANNER AND MEANS

It was part of the scheme that:

3.      Paragraphs 15 through 19 of Count One are incorporated here.

4.      On or about January 13, 2022, in Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendant

### SEBASTIAN MATOS,

for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce an electronic claim for redemption of approximately $121.83 in SNAP benefits, which claim originated from MFM in Reading, Pennsylvania, to Company 1, the financial intermediary for SNAP, located in a state other than the Commonwealth of Pennsylvania.

In violation of Title 18, United States Code, Section 1343.

9

## COUNT THREE
### (SNAP Benefit Fraud)

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

1.      Paragraphs 1 through 13 and 15 through 19 of Count One are incorporated here.

2.      On or about January 13, 2022, in the Eastern District of Pennsylvania and elsewhere, defendant

### SEBASTIAN MATOS

knowingly and unlawfully used and acquired, and aided and abetted the unlawful use and acquisition of, Supplemental Nutrition Assistance Program benefits funded by the United States Department of Agriculture, and by such conduct obtained approximately $121.83 in a manner contrary to the statutes and regulations of the Supplemental Nutrition Assistance Program.

In violation of Title 7, United States Code, Section 2024(b), and Title 18, United States Code, Section 2.

10

## NOTICE OF FORFEITURE #1

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

1.      As a result of the violation of Title 18, United States Code, Section 1343, as set forth in Counts One and Two of this information, defendant

**SEBASTIAN MATOS**

shall forfeit to the United States all property, real or personal, which constitutes or is derived from proceeds traceable to such violations.

2.      If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

      a.      cannot be located upon the exercise of the due diligence;

      b.      has been transferred to or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in valued; or

      e.      has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, 2461(c), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C).

## NOTICE OF FORFEITURE #2

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

1. As a result of the violations of Title 7, United States Code, Section 2024(b) set forth in Count Three of this information, defendant

**SEBASTIAN MATOS**

shall forfeit to the United States all property which represents proceeds traceable to a violation of subsection Title 7, United States Code, Section 2024(b) and traceable to such offenses.

2. If any of the property subject to the forfeiture, as a result of any act or omission by the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred to or sold to, or deposited with a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of property subject to forfeiture.

All pursuant to Title 7, United States Code, Section 2024(f), Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

_____

**DAVID METCALF**
**UNITED STATES ATTORNEY**

12

*No.*_ _ _ _ _ _ _ _ _ _

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

Criminal Division

THE UNITED STATES OF AMERICA

vs.

SEBASTIAN MATOS

INFORMATION

18 U.S.C. § 371 (conspiracy to commit wire fraud and SNAP benefit fraud – 1 count)
18 U.S.C. § 1343 (wire fraud – 1 count)
7 U.S.C. § 2024(b) (unlawful use, transfer, acquisition and possession of SNAP benefits – 1 count)
18 U.S.C. § 2 (aiding and abetting)
Notices of forfeiture

A true bill.

_____
Foreperson

Filed in open court this _____day,
Of _____A.D. 20_____

_____
Foreperson

Bail, $_____